ANNE EASTERBROOKS & others *vs.* THOMAS TILLINGHAST.

A testator devised real estate in trust, to apply the income to the maintenance of a pastor or elder in a church in the town where the testator resided, of a certain faith and practice, so long as the members of that church or their successors should maintain the visibility of a church in such faith and order. Afterwards the only two members of the church, at a meeting called by public notice, voted and resolved that they would no longer endeavor to maintain the appearance of a visible church, and declared the church dissolved and extinct. *Held*, that the church was thereby dissolved, and ceased to be a visible church, and that the trustee held the estate as a resulting trust for the testator's heirs at law.

BILL IN EQUITY by the heirs at law of Elery Wood of Swanzey, who died testate on the 14th of February 1850, to obtain a release of the homestead farm devised by said Wood to the defendant " and to his successor and successors to be appointed as hereinafter provided," upon the following trusts :

" That said trustee and trustees shall use and improve the same, or lease the same from time to time to good and trusty tenants, in such manner as will best secure the income and profits thereof ; and that said trustee and trustees shall not sell my farm, but out of the income thereof shall keep the walls and buildings in good repair, and after deducting the expenses and a reasonable . compensation for their services, shall annually, or oftener if necessary, appropriate and apply all the income and profits of said estate to the support of the gospel, and the maintenance and support of a pastor or elder in the six-principle Baptist Church in said Swanzey, which was under the pastoral care of Elder Philip Slade, late of said Swanzey, at the time of his decease, and which shall continue in the faith and practice of the six principles of the doctrine of Christ, as recorded in the sixth chapter of Hebrews, first and second verses, and their successors in said church, as long as they or their successors shall maintain the visibility of a church in said faith and order, and uniting in fellowship and communion with those who hold and practise said principles and no others.   And I hereby direct that said income and profits of said estate shall be applied by said

2*

trustee and trustees as aforesaid to the maintenance and support of such pastor or elder as shall from time to time be appointed by a majority of said church, and shall be approved of by said trustee and trustees; and in case of any disagreement between said church and trustees in relation to the appointment and approval of a pastor, a pastor shall be approved of by the Rhode Island and Massachusetts General Conference of the old six-principle Baptist denomination; and whenever said trustee or his successor shall die or depart from said faith and practice, another trustee or trustees shall be appointed by said general conference, and said trustee or trustees so appointed shall have the same power and trust over said estate as said Thomas Tillinghast; and on the death or departure from said faith and practice of such trustee, other trustee or trustees shall from time to time be appointed by said general conference, with same power and trusts over said estate, and in case of the failure of such appointment, my will is that a suitable trustee shall be appointed by the supreme judicial court of the Commonwealth of Massachusetts, or any other court in said commonwealth, having at the time jurisdiction over trustees and property holden in trust, so that said trust shall continue forever. And I do hereby empower said trustees to do all acts, and legally to make and execute all instruments and contracts, in writing or otherwise, which shall be necessary ·for full and perfect execution of said trusts. And I hereby give, bequeath and devise to said church, and to their successors in said church forever, the right and privilege to hold their meetings and communions in my dwelling-house as heretofore, with use of my chairs in said house, or so long as said house will accommodate said church."

The bill alleged, that the defendant accepted the trust, and entered as trustee upon the homestead farm; that on the 19th of March 1853, and for sometime before, and afterwards until the 31st of said March, there were but two members of the six-principle Baptist Church in Swanzey, namely, the clerk and one other man, and they met on that day at said dwelling-house, the defendant, as trustee, being in attendance, and voted

to have the clerk call a meeting of the church on said 31st of March, and gave notices thereof by posting, and by letters to several individuals, in order, if possible, to find out any other members; that on said 31st of March said two members met at said dwelling-house, and unanimously voted as follows: " Whereas the members of this church are reduced to so small a number and our meetings for public worship have become so few and far between, as to render the object of a visible church to promote the glory of God, the cause of the Redeemer, and the benefit of man in a state of nature, almost entirely nugatory; therefore voted and resolved that we, the present members of the aforesaid church, will no longer endeavor to maintain the appearance of a visible church, and we do declare the same dissolved and extinct from this day; " and this vote was duly entered upon the records of the church. The bill then charged that these proceedings were a dissolution and extinction of the church, and that the six-principle Baptist Church in said Swanzey which was under the pastoral care of Elder Philip Slade, late of said Swanzey, at the time of his decease, no longer maintained the visibility of a church of any faith or order whatever, or uniting in fellowship with any person or corporation whatever, and the defendant's estate as trustee had ceased and expired.

The bill then averred that the defendant pretended that there were also on said 31st of March two women who were members of said church; that neither of these pretended members had within twenty two years previously attended any business or religious meetings of the church; that, by way of greater caution, they were served with notices of the meeting of the 31st of March, but did not attend the same; that the defendant afterwards solicited them to attend a pretended meeting of the church at another place, for the purpose of admitting another member or members of the church, so that its visibility should be maintained; that they informed the defendant that they were not members, but had withdrawn, and for other reasons had no power to act; but that one of them was induced by the defendant to attend at a time and place fixed by him, and that then and there, and without notice to said two male members,

the formality of admitting another member of the church was gone through. The bill then averred that this last meeting was null and void and of no legal effect, and that the defendant had been duly informed of the proceedings by which the church had ceased to maintain a visibility, and had been requested to release the homestead farm to the plaintiffs, but had neglected so to do.

The defendant filed a general demurrer.

*C. B. Farnsworth,* for the defendant. 1. The church is not shown to have been dissolved; for it does not appear that the church is congregational, so as to have the power of dissolution; nor that the dissolution was in accordance with the discipline of such churches.

2. This devise is to a charity, and the intent that it should be perpetual is apparent. The restrictive words may therefore be rejected, and the charity dispensed notwithstanding a dissolution of the church. *Case of Thetford School,* 8 Co. 130 *b. Attorney General* v. *Brazenose College,* 2 Cl. & Fin. 328. *Winslow* v. *Cummings,* 3 Cush. 358. Shelford on Mortmain, 602. The Swanzey Church, not being a corporation, continued its succession through those who in the locality sustain the same interest in the form of a church under the ecclesiastical authority of that communion.

3. The plaintiffs do not show themselves to be entitled to the property, in any event, in this suit.

*T. D. Eliot,* (*E. Ames* with him,) for the plaintiffs.

The decision was made at October term 1856.

Metcalf, J. The devise of Elery Wood to the defendant was in special trust that he and his successors in the trust should appropriate and apply the income and profits of the devised property to the support of the gospel, and the maintenance of a pastor or elder in a church in Swanzey, of a certain faith and practice, as long as they (the members of said church) or their successors should maintain the visibility of a church in such faith and order. And the plaintiffs have alleged in their bill that the visibility of said church has not been maintained; that therefore the devised property cannot be rightfully held any

longer by the defendant, but that it has, by the statutes of the Commonwealth, descended to them as the heirs at law of the devisor ; and they pray, among other things, that the defendant may be decreed to release the property to them. The facts, on which the plaintiffs rely in support of their allegation that the visibility of said church has not been maintained, are set forth in the bill, and they are admitted by the defendant, for present purposes and effects, by his demurrer to the bill.

The first question in the case is, whether the six-principle Baptist Church in Swanzey, for whose benefit Wood's devise was made, has ceased to maintain its visibility, or, in language more commonly used, ceased to be a visible church. If it has, then the second question is, whether the plaintiffs, as Wood's heirs at law, are now entitled to the devised property, which is still in the defendant's possession.

1. The bill avers that on the 31st day of March 1853 there were only two members of said church ; that they, on that day, at a meeting called by public notice, voted and resolved that they would not any longer endeavor to maintain the appearance of a visible church ; that they declared the same dissolved and extinct ; and that the said vote and resolve were entered on the records of said church. This seems to the court to have been a dissolution of the church, so that it thenceforth ceased to be a visible church in any sense, legal or ecclesiastical. Of course, the attempt afterwards made to admit members was futile.

If any of these alleged facts could have been safely denied or successfully admitted and avoided, the defendant should have filed an answer to the bill, and not have demurred to it.

2. The devise to the defendant of the property in question was doubtless a devise in fee, *Cleveland* v. *Hallett,* 6 Cush. 407 ; and having been made to him as trustee, and for a specific purpose only, he holds the property, since the failure of the trust by the extinction of the *cestui que trust,* not for his own benefit, but for the devisor's heirs at law, as a resulting trust, and is answerable to them for it. Hill on Trustees, (2d Amer. ed.) 157, 184, 185. The precise mode of relief to which the law entitles the heirs may be a subject for consideration hereafter. *Demurrer overruled.*